UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JASON P. BRAND,

                        Plaintiff,

         -against-

US BANK, N.A., NATIONAL LIQUIDATORS,

                        Defendants.
-----------------------------------------------------------------------X

FILED
CLERK
3/31/2016 1:36 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-CV-6285 (JMA)(GRB)

**AZRACK, United States District Judge**:

      On October 10, 2015, pro se plaintiff Jason Brand commenced this action against National Liquidations and US Bank, N.A. ("U.S. Bank") pursuant to 46 U.S.C. § 31324, arguing that defendants seized his boat without providing notice after being served with an order of attachment by the New York State Attorney General's office ("NYSAG"). Accompanying the complaint is an application to proceed in forma pauperis. The court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I.  BACKGROUND[1]

      On November 21, 2014, the NYSAG commenced a civil forfeiture action against plaintiff, which resulted in an attachment order signed by a New York Supreme Court Justice freezing all plaintiff's assets. (Compl. ¶ III.C, ECF No. 1.) Plaintiff's complaint alleges his boat with seized by defendant U.S. Bank without notice after U.S. Bank was served by NYSAG with an order of attachment freezing his assets, including the boat. (Id.) Plaintiff claims he received notice of the repossession approximately one week after U.S. Bank ordered the arrest of the boat. (Id.)

      The complaint alleges that U.S. Bank wrongfully repossessed the boat and that U.S. Bank

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

must "return the boat to avoid continuous violation of the" NYSAG order.  (Id.)  The complaint demands that U.S. Bank return the boat to plaintiff, or else provided "a comparable boat [of the] same size and layout with the same up to date features."  (Id. ¶ V.)

## II.   DISCUSSION

A.   **In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed in forma pauperis is granted.

B.   **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a pro se litigant and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts;

rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.     The Rooker-Feldman Doctrine

This court does not have jurisdiction to consider plaintiff's complaint. Under the Rooker-Feldman doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]."  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).  The Rooker-Feldman doctrine prevents "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "Because Rooker–Feldman goes to subject matter jurisdiction," federal courts may raise it sua sponte.  Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83 (2d Cir.2005); Fed. R. Civ. P. 12(h) (3).

The Rooker–Feldman doctrine applies when four requirements are met: (1) the federal-court plaintiff lost in state court; (2) the plaintiff is complaining of injuries caused by a

3

state-court judgment; (3) the plaintiff invites district court review and rejection of the state-court judgment; and, (4) the state-court judgment was rendered before the district court proceedings commenced. See Hoblock, 422 F.3d at 85.

The Court finds that the Rooker-Feldman doctrine bars this proceeding. First, Brand admittedly lost in his New York state court proceeding, in which an attachment order was issued against all plaintiff's assets. Second, the New York state court adjudication against Brand that resulted in the attachment order occurred before Brand filed this action in federal court. Finally, Brand is asking the Court to review and reject the state court adjudication against him. Thus, Brand's purported claims are "inextricably intertwined" with the New York state court decision that issued the foreclosure judgment. See Ford v. U.S. Dep't of Treasury I.R.S., 50 Fed. App'x 490, 491 (2d Cir. 2002) (finding that a federal claim seeking a declaration that a state foreclosure judgment is void is barred by the Rooker-Feldman doctrine). Therefore, the Court does not have subject matter jurisdiction over plaintiff's claims under the Rooker-Feldman doctrine, and the complaint must be dismissed accordingly.

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). However, because in this case the proceeding is barred by the Rooker-Feldman doctrine, amendment would be futile and the Court will not afford plaintiff leave to amend to amend the complaint. See Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).

### III.     CONCLUSION

For the forgoing reasons, the court dismisses Plaintiff's Complaint for lack of subject

4

matter jurisdiction.   Fed. R. Civ. P. 12(h)(3).   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal.   <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

      The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> plaintiff and close the case.

**SO ORDERED**.                      _/s/ JMA_____
                                                    Joan M. Azrack
Dated:   March 31, 2016                United States District Judge
         Central Islip, New York